IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 05-34 Erie |
| v. | ) | Chief Judge Sean J. McLaughlin |
| JESSE JAIME, | ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., Chief Judge

This matter is before the Court upon Defendant Jesse Jaime's motion to terminate supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Dkt. 51]. For the reasons which follow, Defendant's motion is denied.

**I. BACKGROUND**

On October 6, 2006, Defendant Jesse Jaime ("Defendant") pled guilty to one count of possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). [Dkt. 22]. On November 16, 2007, this Court sentenced Defendant to 72 months of incarceration and four years of supervised release. [Dkt. 48]. On June 29, 2010, Defendant completed his prison sentence and began to serve his term of supervised release.

With approximately one year left on his term of supervised release,

1

Defendant, in the instant motion, requests that it be terminated early. In support of his request, Defendant states that, with the exception of one positive urine test for marijuana in February, 2012, he has complied with the terms of his release and cooperated with probation officers. Defendant adds that the probation office is not currently providing him with any services and has no reason to supervise him any longer.

## II. DISCUSSION

"[A] district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure." Sloan v. United States, 2008 WL 2020183, *2 (W.D. Pa. 2008) (quoting United States v. Servidio, 2008 WL 352866, *1 (D.N.J. 2008)); United States v. Higgs, 504 F.3d 456, 464 (3rd Cir. 2007). With respect to supervised release, the applicable statute, 18 U.S.C. § 3583(e)(1), provides that a court "may . . . terminate a term of supervised release and discharge the defendant [] at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant [] and the interests of justice." 18 U.S.C. § 3583(e)(1). It is well-settled that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something

exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3rd Cir. 2010) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)); see also United States v. Dudash, 2012 WL 874878, *3 (W.D. Pa. 2012) (same). Moreover, it is axiomatic that "full compliance with all of the conditions of supervised release does not warrant early termination." Dudash, 2012 WL 874878 at *4 (citing Laine, 404 Fed. Appx. at 574 ("Simple compliance with the conditions of supervised release [is] expected and not exceptional.")).

Here, Defendant cites nothing in support of his request for early termination other than the fact that he has largely – although not completely - complied with the terms of his supervised release and is not currently receiving any services from the probation office. (See Defendant's Motion, Dkt. 51, pp. 2-3). While his compliance with the terms of his probation is commendable, it does not afford a basis for this Court to terminate his supervised release early. See, e.g., Dudash, 2012 WL 874878 (defendant's compliance with terms of release did not warrant early termination); United States v. Caruso, 241 F.Supp.2d 466, 469 (D. N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."); United States v. Paterno, 2002 WL 1065682, *3 (D. N.J. 2002) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is

simply what is expected of Defendant.").

## III.   CONCLUSION

For the reasons set forth above, Defendant's motion for termination of supervised release is denied.   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 05-34 Erie |
| | ) | Chief Judge Sean J. McLaughlin |
| v. | ) | |
| JESSE JAIME, | ) | |

**ORDER**

AND NOW, this 16th day of August, 2013, for the reasons set forth above, it is hereby ORDERED that Defendant's Motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) is DENIED.

/s/ - Sean J. McLaughlin
Chief United States District Judge

cm: All parties of record.